IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARL E. WATSON,

        Plaintiff,

v.                                          Case No.  24-1022-JWB

OPTUM HEADQUARTERS, et al,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant Optum[1] Headquarters' ("Optum") motion to dismiss (Doc. 13) and Magistrate Judge Gwynne Birzer's Report and Recommendation ("R&R") which recommends dismissal of Defendants Heather Ciafrocco, Christ Zaetta, and the Secretary of the United States Department of Veterans Affairs (Doc. 37).  The motion to dismiss is fully briefed and ripe for decision.  (Docs. 14, 18, 22, 40.)  Optum's motion is GRANTED and the R&R is ADOPTED for the reasons stated herein.

I.      **Facts and Procedural History**

On February 6, 2024, Plaintiff filed this civil rights complaint against Defendants Optum, Ciafrocco, Zaetta, and the Veterans Administration ("VA").  (Doc. 1.)  Optum is the only Defendant who has been served in this matter.

Plaintiff's complaint alleges that Defendant Optum is a VA contractor.  In October 2023, Optum told him to come in for an examination regarding his Intervertebral Disc Syndrome (IVDS)

---

[1] Defendant states that it is incorrectly named in the complaint and that its proper name is OptumServe Health Services, Inc.  (Doc. 14 at 1, n.1.)  Defendant also alternatively moves for dismissal on the basis that Optum Headquarters is not a legal entitle capable of being sued.  Plaintiff is proceeding pro se and, as a result, the court could allow Plaintiff the opportunity to amend his complaint to assert any plausible claims against the proper entity.  However, because the court finds that Plaintiff's complaint fails to state a claim, the court declines to dismiss Optum on these grounds.

and range of motion.  Plaintiff visited a location close to his residence and informed an employee that he needed a later appointment.  The employee gave him a phone number and informed the examiner that Plaintiff would reschedule.  Plaintiff then went online and also asked for a later appointment.  (*Id.* at 4.)  The complaint does not provide any additional facts regarding his claims although Plaintiff's exhibits filed in support of his complaint provide some additional information regarding Plaintiff's appointments.  (Doc. 12.)  In an October 31, 2023, email, Plaintiff complained that he had asked for an afternoon appointment but was given a morning appointment.  (Doc. 12-4.)  In response to his email, Plaintiff was informed by an unknown Optum representative that the email address being utilized by Plaintiff is used for reports of fraud and that he was to contact his provider for appointment scheduling.  (Doc. 12-7.)  Plaintiff then emailed another address for Optum to ask about a different appointment.  In response, Plaintiff received what appears to be an automated email that the email address he used is for clients experiencing technical issues and that Plaintiff was not set up as a user so he could not receive assistance.  (Doc. 12-3.)

With respect to his claims, Plaintiff asserts that the "company and the examiner" discriminated against him by failing to accommodate him and that their conduct violates the Americans with Disabilities Act ("ADA") and the Health Insurance Portability and Accountability Act ("HIPAA").  (Doc. 1 at 5.)  Optum now moves for dismissal of Plaintiff's complaint.

## II.    Standard

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff.  *Archuleta v. Wagner*, 523 F.3d

1278, 1283 (10th Cir. 2008).  Conclusory allegations, however, have no bearing upon the court's consideration.  *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

When a dispositive matter is ruled upon by a magistrate judge, the court is to conduct a de novo review.  Fed. R. Civ. P. 72(b)(3).  Pro se pleadings are construed liberally, but a district court cannot assume the role of an advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  And pro se plaintiffs must follow the same rules of procedure that govern represented litigants.  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

III.   **Analysis**

   A.  **Optum**

   i.   **ADA Claim**

The ADA has three separate titles: Title I covers employment discrimination, Title II covers discrimination by government entities, and Title III covers discrimination by places of public accommodation.  Plaintiff's complaint fails to identify under which Title he brings this claim.  However, because he does not allege that he was employed by Optum, he cannot bring a claim under Title I.  He also cannot bring a claim under Title II because Optum is not a government entity.  That leaves Title III.

A Title III claim requires Plaintiff to establish that (1) he is disabled within the meaning of the ADA; (2) Optum operates a place of public accommodation; and (3) that Optum discriminated against Plaintiff within the meaning of the ADA.  *See Allen v. Adams*, No. 21-1221-JAR-KGG, 2021 WL 5279642, at *2 (D. Kan. Nov. 12, 2021), *aff'd*, No. 21-3208, 2022 WL 680336 (10th Cir. Mar. 8, 2022).  Plaintiff's allegations fail to allege any facts which would plausibly support an ADA discrimination claim.  Plaintiff has not sufficiently alleged that he is disabled nor has he alleged that Optum operates a place of public accommodation.  Further, even if Plaintiff had

sufficiently alleged such allegations,[2] the facts surrounding the alleged discrimination wholly fail to state a claim. Liberally construing his claim, Plaintiff asserts that Optum failed to accommodate his disability with respect to his appointment time and he allegedly sought to obtain a different appointment. In doing so, Plaintiff repeatedly emailed the incorrect email address. Further, based on the allegations and exhibits, Optum was not informed that Plaintiff needed an afternoon appointment due to Plaintiff's disability.[3] Optum had scheduled an appointment for Plaintiff and Plaintiff failed to communicate with Optum regarding the rescheduling of the same. Nothing in Plaintiff's allegations suggests that Optum failed to accommodate Plaintiff or discriminated against him because of his disability. Therefore, Plaintiff has not plausibly stated a claim of discrimination under the ADA.[4]   *Id.* at *3 (discussing that the plaintiff must allege factual allegations to support a finding that the actions taken were based on the plaintiff's disability).

### ii.    HIPAA

Plaintiff also asserts a claim under HIPAA, but HIPAA does not create a private right of action. *Mayfield v. Presbyterian Hosp. Admin.*, 772 F. App'x 680, 686 (10th Cir. 2019). Therefore, Plaintiff's HIPAA claim against Optum must be dismissed.

### B.  Remaining Defendants

Finally, Magistrate Judge Birzer recommends dismissal of Plaintiff's complaint against the remaining Defendants for lack of prosecution. This action was filed on February 6, 2024, and Plaintiff failed to serve these Defendants within 90 days as required under Rule 4(m). Magistrate

---

[2] Plaintiff's response brief identifies several health conditions. If allowed to amend, Plaintiff likely could establish that he was disabled under the ADA. (Doc. 22.)

[3] Plaintiff's response brief is confusing at best. Plaintiff appears to assert that his disability is that he is hearing impaired but his request for an afternoon appointment does not appear to be based on his hearing disability. Rather, Plaintiff asserts that it is because he has more joint pain in the morning. (Doc. 22 at 4.)

[4] To the extent Plaintiff's response asserts a different theory of disability accommodation (that Optum failed to provide him an avenue to communicate with their staff besides the telephone), Plaintiff has failed to allege that he sought any accommodation because of his disability and that they refused to reasonably comply.

Judge Birzer issued a show cause order on May 8, 2024.  (Doc. 16.)  Plaintiff failed to respond to the show cause order.  Plaintiff has also failed to make any effort to effect service on these Defendants.  Magistrate Judge Birzer issued an R&R recommending dismissal for failure to prosecute.  Plaintiff has not objected to the R&R.

After review, the court finds that dismissal without prejudice for lack of prosecution is warranted.

**IV.    Conclusion**

Optum's motion to dismiss (Doc. 13) is GRANTED.  Magistrate Judge Birzer's R&R (Doc. 37) is ADOPTED.  Defendants Heather Ciafrocco, Christ Zaetta, and the Secretary of the VA are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.  Dated this 17th day of September, 2024.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE